IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK E. DORKO, JR., S-11805,** <br><br> Plaintiff, <br><br> vs. <br><br> **SALVADOR A. GODINEZ, TIMOTHY R. QUIGLEY, MARCUS MARVIN, BENJAMIN J. RUSSELL, ALLAN E. MARTIN, ASST. WARDEN HILLIARD, CORRECTIONAL COUNSELOR HILLIARD, SGT. HILLE, SGT. D. FOLSOM, JEFFERY A. GWALTNEY, C/O HUGHES, C/O L. LEVANTI, GINA ALLEN, C/O MOSLEY and C/O LOGSDON,** <br><br> Defendants. | Case No. 12-cv-1130-JPG |

# MEMORANDUM AND ORDER

**Gilbert, District Judge:**

Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations occurring at Shawnee Correctional Center ("Shawnee"). Plaintiff is nearing the end of a five year sentence for drug possession. Plaintiff has tendered an Amended Complaint in this matter. The Court **GRANTS** Plaintiff's motion to amend his complaint (Doc. 6), and reviews this First Amended Complaint as the operative complaint.

Plaintiff claims that his due process rights were violated when he was not allowed to call witnesses at two separate disciplinary hearings. Plaintiff states that on January 29 and 30, 2012, and again on February 8, 2012, he was issued disciplinary tickets. The February 8 charge was for failure to obey a direct order. He does not specify the nature of the January charges. He complains that he was given less than 24 hours advance notice of the January 30 charge before

the hearing was conducted on January 31.  Prior to both hearings, Plaintiff submitted paperwork indicating witnesses he wished to call at his hearing.  The First Amended Complaint does not indicate who these witnesses were.  Defendants Quigley and Marvin proceeded with the hearings without the Plaintiff's witnesses present.  Plaintiff was found guilty and punished with 240 days of disciplinary segregation.

As to his retaliation claim, Plaintiff states that he had been moved to segregation on January 8, 2012, in connection with a previous disciplinary report.   While there, he was subjected by Defendants Folsom and Gwaltney to radio static played loudly for hours at a time, depriving him of sleep, as part of a "Soviet or Nazi style torture technique."  Plaintiff filed grievances over this practice, some of which were intercepted by Defendants Folsom and Gwaltney, and appears to claim that the noise was continued through the month of January in retaliation for his filing of these complaints.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Folsom and Gwaltney for retaliation (Count 1).  However, he has failed to state a constitutional claim for due process violations for his placement in disciplinary segregation (Count 2).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Plaintiff's allegations that he was denied the right to call witnesses, and that he had approximately 21 and 1/2 hours advance notice of one charge, indicate that the disciplinary hearings may not have complied with procedural due process requirements.  *See Wolff v. McDonnell*, 418 U.S. 539,

563-69 (1974) (to satisfy due process concerns, inmate must be given 24-hour advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for the discipline imposed). However, an inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).

  The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original). The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. *See Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence").

  In Plaintiff's case, he was sentenced to 240 days of disciplinary segregation – a long enough period of time to require factual inquiry into his conditions of segregation. Thus, the Court must determine whether or not the conditions faced by Plaintiff were unusually harsh compared to the normal prison environment. *See Sandin v. Connor*, 515 U.S. 472, 486 (1995).

The only complaints Plaintiff makes about the segregation conditions are that he was denied the visitation and telephone privileges he enjoyed in general population.  These do not rise to the level of "atypical and significant hardships" that would trigger constitutional concerns.  While he also takes issue with being subjected to disturbing radio noise during the month of January 2012, according to the First Amended Complaint, that episode ended prior to the February 2012 disciplinary hearings which resulted in Plaintiff's 240 days of segregation.  Therefore, that temporary condition is not relevant to an inquiry into the conditions of segregation imposed as a result of the allegedly flawed disciplinary proceedings.

To summarize, the amended complaint does not indicate that Plaintiff was subjected to any unusually harsh conditions during his time in disciplinary segregation that would indicate deprivation of a liberty interest, despite the possible procedural problems that led to his placement.  Count 2 shall be dismissed, as shall Defendants Quigley and Marvin.

As to the remaining Defendants, Plaintiff indicates that he handed grievances or paperwork to Defendant Hilliard, a counselor, and to Defendants Hille, Hughes, and Mosley, correctional officers.  Defendant Logsdon escorted Plaintiff to Internal Affairs.  None of these actions constitute a personal involvement on the part of these Defendants in any violation of Plaintiff's constitutional rights.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  Plaintiff has not asserted that any of these individuals (Defendants Counselor Hilliard, Hille, Hughes, and Mosley) were personally responsible for the underlying actions of which he complains.  These claims and Defendants

shall be dismissed.

Plaintiff names in the caption of the complaint six additional defendants, none of whom he discusses with specificity within the body of the pleadings. These individuals are: Defendants Godinez (Director of the Illinois Department of Corrections), Russell (Adjustment Committee Member), Martin (Warden), Hilliard (Assistant Warden), Levanti (corrections officer), and Allen (Administrative Review Board member). He makes a passing reference to having written "requests, letters and grievances to the Director, Warden and Administrative Review Board," but fails to name any particular individual in relation to any particular violation.

Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Notably, the named Defendants who hold supervisory positions are not susceptible to Plaintiff's claims by virtue of their authority. There is no supervisory liability in a § 1983 action;

thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Because Plaintiff has not listed Defendants Godinez, Russell, Martin, Warden Hilliard, Levanti or Allen elsewhere in his complaint, he has not adequately stated claims against these individuals, or put them on notice of any claims that he may have against them. For this reason, these Defendants will be dismissed from this action without prejudice.

### Pending Motions

Plaintiff's Motion to Amend Complaint (Doc. 6) is **GRANTED.** The Clerk is **DIRECTED** to file Plaintiff's First Amended Complaint. Plaintiff's Motion to Appoint Counsel (Doc. 2) and Motion for Service (Doc. 3) are **DENIED** as moot. Plaintiff's Motions to Withdraw Temporary Restraining Order (Docs. 10 & 11) are **GRANTED**. The Motion for Temporary Restraining Order shall be **WITHDRAWN** (Doc. 7).

### Disposition

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **GODINEZ, QUIGLEY, MARVIN, RUSSELL, MARTIN, WARDEN HILLIARD, COUNSELOR HILLIARD, HILLE, HUGHES, LEVANTI, ALLEN, MOSLEY,** and **LOGSDON** are **DISMISSED** from this action without prejudice.

As to **COUNT 1** (retaliation), the Clerk of Court shall prepare for Defendants **FOLSOM** and **GWALTNEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver

of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 15, 2013**

s/J. Phil Gilbert
**United States District Judge**
